**WO**                                                                                                          TCK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Bernal Ramirez, | No. CV 05-2291-PHX-MHM (HCE) |
| Plaintiff, | **ORDER** |
| vs. | |
| Warden Bartos, et al., | |
| Defendants. | |

Plaintiff, currently confined in the Arizona State Prison Complex in Buckeye, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court will order Defendants to answer the Complaint.

**A.      Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $11.20 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee and thereafter, monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**TERMPSREF**

1   Plaintiff should take notice that if he is released before the filing fee is paid in full, he
2 must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
3 release.  If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
4 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
5 he is unable to pay the remainder of the filing fee.

6 **B.**      **Statutory Screening of Prisoner Complaints**

7   The Court is required to screen complaints brought by prisoners seeking relief against
8 a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
9 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
10 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
11 may be granted, or that seek monetary relief from a defendant who is immune from such
12 relief.  28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or portion
13 thereof if Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C.
14 § 1997e(a).

15 **C.**      **Complaint**

16   Plaintiff contends that he seriously injured his eye several years ago and  that his eye
17 was recently re-injured during a fight at the prison.  As a result, he has serious vision
18 problems. Plaintiff contends that he submitted numerous health needs requests, but
19 Defendants failed to provide the proper glasses for his eye condition and failed to provide
20 the proper treatment. Plaintiff further contends that Defendants incorrectly concluded that
21 sunglasses were not medically necessary for his condition. Plaintiff contends that his eye
22 condition is permanent and that without proper treatment his vision will continue to
23 deteriorate. Plaintiff contends that Defendants were made aware of his serious medical
24 condition, but failed to properly treat him and acted with deliberate indifference towards his
25 serious medical needs. Named as Defendants are: Bartos; Richard Pratt; Sharon Malcom;
26 ORC; P. Dudley and John Lockhart. Plaintiff seeks compensatory and punitive damages.
27
28

TERMPSREF

- 2 -

**D.     Defendants To Be Dismissed**

Plaintiff has named the Outside Referee Committee (ORC) as a Defendant in this action, but has failed to name the individuals on the committee who caused the constitutional violations of which he complains. To state a valid claim under § 1983, Plaintiff must allege that he suffered a specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 604-05, 607, 46 L. Ed. 2d 561, 569-70, 573 (1976). To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation or that a state supervisory official was aware of widespread abuses and with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See Monell v. New York City Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

Plaintiff makes no such allegation against Defendant ORC and therefore, fails to demonstrate the link between Defendant's conduct and the injury allegedly suffered by Plaintiff. Accordingly, Defendant ORC must be dismissed without prejudice.

An answer will be required from the remaining Defendants.

**E.     Rule 41 Cautionary Notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED that:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted.

(2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $11.20. All fees shall be collected and paid

in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) That Defendant ORC is dismissed from this action without prejudice;

(4) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendants: Bartos; Pratt; Malcolm; Dudley and Lockhart.

(5) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(7) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the

Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(12) Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(13) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the

1 dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
2 of Civil Procedure.
3    (14) A clear, legible copy of every pleading or other document filed shall accompany
4 each original pleading or other document filed with the Clerk for use by the District Judge
5 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
6 may result in the pleading or document being stricken without further notice to Plaintiff.
7    (15) This matter is referred to Magistrate Judge Hector E. Estrada pursuant to Local
8 Rules of Civil Procedure 72.1 and 72.2 for further proceedings.
9    DATED this 8th day of November, 2005.

_____
Mary H. Murguia
United States District Judge

TERMPSREF

- 6 -